STATE OF NORTH CAROLINA v. BERRY SCOTT

No. 8913SC687

(Filed 19 June 1990)

1. **Appeal and Error § 447 (NCI4th) — constitutional issue raised for first time on appeal — issue not considered**

    Defendant in a rape case could not raise for the first time on appeal the constitutional issue of double jeopardy as grounds for excluding evidence of a prior rape for which he had been acquitted.

    **Am Jur 2d, Appeal and Error §§ 517, 581, 601, 602, 623; Evidence § 332; Rape §§ 70-73.**

2. **Criminal Law § 884 (NCI4th) — failure to object to jury instructions — waiver of appeal rights**

    Defendant was barred from assigning error to the trial court's instruction to the jury that evidence of a prior rape for which defendant had been acquitted could be considered to the extent that it was relevant to defendant's intent, knowledge, plan, scheme, system, or design, since defendant failed to object to the proposed jury instruction during the charge conference or during the trial. Appellate Rule 10(b)(2).

    **Am Jur 2d, Appeal and Error §§ 517, 581, 601, 602, 623; Evidence § 332; Rape §§ 70-73.**

**3. Criminal Law § 884 (NCI4th)— failure to object to jury instructions—waiver of appeal rights**

By failing to object to the jury charge, defendant waived his right to appeal any possible error regarding the trial court's instructions to the jury that defendant's alleged conduct constituted three distinct and separate offenses of rape.

**Am Jur 2d, Appeal and Error §§ 57, 581, 601, 602, 623; Evidence § 332; Rape §§ 70-73.**

APPEAL by defendant from judgment entered 25 January 1989 by *Judge Darius B. Herring, Jr.* in COLUMBUS County Superior Court. Heard in the Court of Appeals 6 February 1990.

After a trial by jury, defendant was convicted of one count of crimes against nature, one count of second-degree kidnapping, and three counts of second-degree rape. Upon conviction, defendant was sentenced to ten years for crimes against nature, thirty years for kidnapping and forty years for the three counts of rape. The sentences for kidnapping and rape were to run consecutively with the crimes against nature sentence. Defendant appeals.

*Attorney General Lacy H. Thornburg, by Assistant Attorney General Doris J. Holton, for the State.*

*Appellate Defender Malcolm Ray Hunter, Jr., by Assistant Appellate Defender Mark D. Montgomery, for defendant-appellant.*

JOHNSON, Judge.

The State's evidence tended to show, *inter alia*, that at approximately 11:30 p.m. on the evening of 26 June 1988, the victim, an adult female, drove to Flowline in Whiteville where her friend, Keith Gore, worked. After chatting for approximately 45 minutes, she agreed to go to a nearby Time Saver Convenience Store to get some food. When she arrived at the Time Saver she saw the defendant, whom she had not seen in two years, parked in a car with other people. Defendant came over to the victim's car and talked with her briefly and asked her if she could give him a ride home. After explaining that she had to take some food back to her friend at Flowline, the victim agreed to give the defendant a ride home.

Defendant, the victim and Mr. Gore sat in the car and engaged in friendly conversation until approximately 1:30 a.m. After leaving

STATE v. SCOTT

[99 N.C. App. 113 (1990)]

Flowline, defendant requested that the victim stop at Time Saver to get some cigarettes, and she complied. As the victim began to back out of the parking lot, defendant pulled out a small brown pocketknife, held it to her throat, and ordered her to drive to Whiteville Apparel.

After arriving at Whiteville Apparel, defendant returned the pocketknife to his pocket and took the keys from the ignition. When the victim refused to get out of the car, defendant came to the driver's side and pulled her through the window. Once outside of the car, a struggle ensued. Defendant subsequently pulled the victim away from the car into the weeds, pulled off the victim's pants and underwear, pushed her on her back and forced her to have vaginal intercourse.

Later, when it began to rain, defendant pulled the victim up and ordered her to get in the back seat of the car where he forced her to have vaginal intercourse once again. Afterwards, the two of them got out of the car and returned to the front seat. Defendant then got out of the car to urinate and the victim locked the doors. Fearing defendant would carry out his threat to break the window and kill her, the victim let him back in the car and drove to defendant's house in Whiteville, as ordered.

Defendant and the victim arrived at his house around 3:00 a.m. and went to his bedroom where defendant forced her to have vaginal intercourse for the third time. Defendant also forced her to perform fellatio. Sometime later, defendant led the victim to her car.

After arriving at her apartment at approximately 5:30 a.m., the victim's roommate awoke to find her sitting on the side of the bathtub crying. Shortly thereafter, she was taken to the Columbus County Hospital Emergency Room. Once released, the victim directed the investigating officer, Detective Cutchin, to the area behind Whiteville Apparel where defendant first raped her.

Of the many witnesses presented by the State, Inez Ward, head nurse at the Columbus County Emergency Room, testified that she observed slight bleeding in the victim's vaginal area and that there was also bruising and swelling on her right buttocks.

In addition, M. J. Budzynski, a forensic serologist with the State Bureau of Investigation, testified that his examination of the rape kit prepared at Columbus County Hospital revealed no

sperm on the vaginal smears, but that there was sperm on the oral smears.

Defendant brings forward five Assignments of Error. First, he contends that the trial court erred by allowing the State to introduce testimony from Wanda Freeman that defendant had raped her. Second, defendant assigns error to the trial court's instructions to the jury on the testimony of Ms. Freeman. Third, defendant contends that the trial court improperly instructed the jury on the knife used to perpetrate the crime. Fourth, defendant assigns error to the trial court's instruction to the jury that the conduct constituted three separate acts of rape. Finally, defendant assigns error to Detective Cutchin's testimony regarding the substance of the defendant's post-arrest statements. We have reviewed each assignment of error and find that defendant received a fair trial free from prejudicial error.

I

[1] By his first argument, defendant contends that the trial court erred in allowing the State to introduce testimony from Wanda Freeman that she was raped by defendant on 6 July 1986. Specifically, defendant contends that such testimony should have been excluded since he was acquitted of that crime. We note at the outset that when the State called Ms. Freeman as a witness, defendant made a general objection and a *voir dire* hearing was conducted. During *voir dire*, defendant argued that Ms. Freeman's testimony was precluded by Rules 403 and 404 of the Rules of Evidence. The trial court thereafter made a ruling based upon the Rules of Evidence, without mention of defendant's constitutional rights. On appeal, defendant now attempts to raise a double jeopardy claim as a basis of acquiring a new trial. This he cannot do since the record discloses that defense counsel did not specifically object so as to place this constitutional claim before the trial judge at the *voir dire* hearing. A reading of defense counsel's remarks during the *voir dire* does not point to the presentment of a double jeopardy argument before the trial court. A portion of the *voir dire* of Mr. Worley is as follows:

> MR. WORLEY: Judge, we're here in this case in Columbus County today to try this defendant on the charges involving . . . that occurred on June 27th, 1988.

We're not here to retry the Wanda Freeman case. Judge, that case ended in a not guilty verdict, and if the laws of the land and the State of North Carolina are to mean anything, a not guilty verdict should stand. And to permit the State to try to come in and use this testimony again, for which this defendant has stood trial, Judge, we would submit to the Court [sic] is nothing else but to try to prejudice this defendant.

Judge, I think that the—the admissibility is governed by the 400 sections of the Rules of Evidence.

Section 404 says that character evidence is not admissible to prove conduct, with some exceptions.

Then you go back to Rule 403. It says, even though evidence may be relevant sometimes under 403, we're not going to admit it, because of the potential prejudicial effect, the waste of time that it would have on the case that you're trying now.

Judge, I would submit to the Court that it is improper to —to admit this evidence under Rule 404. And the Court is —you will have to make a determination, the purpose for which it is being used. You will have to make a determination that the probative value of this evidence substantially outweighs the prejudicial effect.

. . . .

Judge, it's too remote in time. The facts are so different. And you heard from Attorney Craig Wright. The facts are so different. . . .

. . . .

I'd ask the Court not to admit it under Rule 404, under the probative value.

The above portion of the *voir dire* is sufficient to establish that defense counsel's theory below relied upon the N. C. Rules of Evidence rather than the constitution. According to the prevailing law,

[t]he theory upon which a case is tried in the lower court must control in construing the record and determining the validity of the exceptions. Further, a constitutional question

which is not raised and passed upon in the trial court will not ordinarily be considered on appeal.

*State v. Hunter*, 305 N.C. 106, 112, 286 S.E.2d 535, 539 (1982). Thus, the issue of double jeopardy was not timely raised.

## II

[2] By his second argument, defendant contends that the trial court's instructions as to the testimony of Ms. Freeman allowed the jury to misapply the evidence. We disagree.

Rule 10(b)(2) of the Rules of Appellate Procedure provides that:

A party may not assign as error any portion of the jury charge or omission therefrom unless he objects thereto before the jury retires to consider its verdict, stating distinctly that to which he objects and the grounds of his objection; provided, that opportunity was given to the party to make the objection out of the hearing of the jury, and, on request of any party, out of the presence of the jury.

Defendant failed to object to the proposed jury instruction during the charge conference or during the trial and is therefore barred from assigning error to the trial court's instruction to the jury that the Freeman evidence could be considered to the extent that it was relevant to defendant's intent, knowledge, plan, scheme, system or design.

We note that the "plain error" rule adopted in *State v. Odom*, 307 N.C. 655, 300 S.E.2d 375 (1983), allows for the review of assignments of error normally barred by such waiver rules as Rule 10(b)(2). Before deciding that an error by the trial court amounts to "plain error," the appellate court must be convinced that absent the error the jury probably would have reached a different verdict. *Id.* Assuming, *arguendo*, that the jury instruction was objectionable, we nonetheless do not find plain error. We overrule this assignment.

## III

By his third argument, defendant contends that the trial court erred by failing to give requested instructions. Defendant requested that the trial court give a special instruction that the knife presented was not the knife in question. Our review of the instructions given convinces us that the trial court gave such instruction in substance. This assignment of error is overruled.

## IV

[3] By his fourth argument, defendant contends that the trial court erred in instructing the jury that the alleged conduct in this case constituted three separate acts of rape. As indicated earlier herein, to preserve the right to appeal a party must object to the jury charge before the jury retires. Rules App. Proc., Rule 10(b)(2). Defendant contends that the trial court's instruction erroneously compelled the jury to find that the act of intercourse in the car did not constitute a continuation of the intercourse outside the car. The specific complained of instruction is as follows:

> I also instruct you, members of the jury, that each act of forceable [sic] intercourse constitutes a distinct and separate offense. So, where an act of vaginal intercourse is interrupted by some event, as when it begins to rain on the parties on the ground outside, and the act is terminated, and then after a new act of forcible intercourse begins, then that constitutes a separate and distinct offense. And that is how three charges of [sic] three counts arise in this case upon the State's allegations and contentions, all of which are denied by the defendant.

Given the fact that defendant failed to challenge the above-quoted instruction, we conclude defendant waived his right to appeal any possible error regarding the trial court's instruction to the jury that the alleged conduct constituted three distinct and separate offenses. We overrule this assignment of error.

## V

Finally, defendant contends that the State was improperly permitted to impeach the defendant by offering extrinsic evidence on a collateral matter. We disagree and overrule this assignment.

Having carefully reviewed the record and the briefs, we conclude defendant received a fair trial, in which there was

No error.

Judges ARNOLD and ORR concur.